UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES M. HELDERLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:18-cv-454-CDP |
| v. | ) |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE**

This matter is before me upon the petition for writ of habeas corpus filed by petitioner James M. Helderle. Petitioner challenges a judgment entered by the 11th Judicial Circuit Court in *State v. Helderle*, Case No. 1211-CR06327-01 (Mo. 11th Jud. Cir. May 17, 2013). He claims he is entitled to relief because his attorney failed to move for replacement of a juror who was having trouble staying awake, and because his attorney failed to request an instruction on the lesser included offense of trespassing. (Docket No. 1 at 5, 10). It also appears petitioner intends to include other grounds for relief, in that he writes "Evidence of Uncharged Misconduct" and "Burglary Conviction." *Id.* at 6, 8. It appears that the documents in the instant case may have been mailed to the Court by someone other than petitioner, as the envelope containing the documents bears the return address of one "Lee V. Warren." (Docket No. 1, attch. 2).

At present, petitioner has another § 2254 habeas corpus petition pending in this Court, challenging the same state court judgment he challenges here. *See Helderle v. Steele,* Case No. 4:18-cv-211-CDP (E.D. Mo. Feb. 1, 2018) (hereafter "*Helderle I*"). However, in *Helderle I,* the motion for leave to proceed *in forma pauperis* and the original filing form bear different signatures than the documents petitioner has filed in the instant case. I will direct petitioner to

file a written response to this Order, explaining why he filed a second petition, clarifying what claims he intends to bring, and explaining why the documents he has filed here bear different signatures than some of the documents he filed in *Helderle I*.

Petitioner is advised that it is considered an abuse of the writ to file a § 2254 petition to raise claims that he could have, but did not, raise in an earlier § 2254 petition, and that doing so subjects the later-filed petition to dismissal. *See McCleskey v. Zant*, 499 U.S. 467, 489-90 (1991) (the abuse-of-the-writ doctrine generally prohibits a petitioner from raising claims in a subsequent habeas petition that could have been, but were not, raised in the first federal habeas proceeding).

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Order, petitioner shall respond to the Court, in writing, and explain why he has filed the instant petition, clarify what claims he intends to bring, and explain why the documents in *Helderle I* and the instant case bear different signatures.

**IT IS FURTHER ORDERED** that petitioner's failure to timely respond shall result in the dismissal of this case, without prejudice and without further notice, as an abuse of the writ.

Dated this 3rd day of April, 2018.

                                                                         _____
                                                                         CATHERINE D. PERRY
                                                                         UNITED STATES DISTRICT JUDGE